No. 3551

Second Circuit

SMITH v. SIMPLEX OIL CO., INC.

(November 18th, 1929. Opinion and Decree.)
(December 31st, 1929. Rehearing Refused.)

Julius T. Long, of Shreveport, attorney for plaintiff, appellant.

Thatcher, Browne, Porteous & Myers, of Shreveport, attorneys for defendant, appellee.

WEBB, J. Plaintiff instituted this action to recover compensation. He alleged that, on July 13, 1928, while performing services arising out of and incidental to his employment with defendant, he sustained an accidental injury to his right eye which had seriously and permanently impaired his vision, and that he was entitled to recover compensation at the rate of $20 per week for a period of 100 weeks, and prayed for judgment accordingly.

On trial, judgment was rendered in favor of plaintiff, awarding him compensation at the rate of $5.40 per week for a period of 100 weeks, subject to a credit of $154.20, compensation admitted to have been previously paid; and plaintiff appeals.

The injury which resulted from a particle of steel being blown into the eye had healed at the date of the trial, leaving, however, two small scars encroaching upon the pupillary area, which admittedly impair his vision. Defendant accepted as correct the estimation of the extent of impairment made by the specialist called by plaintiff, which was that the impairment was from 25 to 27 per cent., and the court fixed the rate of compensation at 27 per cent. of $20, the maximum rate of compensation, and the period of compensation at 100 weeks. The award is conceded to have been made under the provisions of paragraphs 9 and 15, subd. (d), subsec. 1, sec. 8, of the statute (Employers' Liability Law, Act No. 20 of 1914, as amended by Act No. 85 of 1926), and the deduction for compensation previously paid to have been made under paragraph 18 of the same subdivision.

Subdivision (d) of section 8 provides for compensation for the loss of certain members of the body, and paragraph 9 provides that, for the loss of an eye, the rate and period of compensation shall be 65 per centum of wages, not to exceed $20 per week, during a period of 100 weeks, and paragraph 15 of the subdivision declares that:

"In all cases involving a permanent partial loss of the use of function of the member mentioned hereinabove, compensation shall bear such proportion to the amounts named herein for the total loss of such members as the disability to such member bears to the total loss of the member, provided that in no case shall compensation for an injury to a member exceed the compensation pay-

able under this act for the loss of such member."

And paragraph 18 provides that:

"Where compensation has been paid under subdivisions a, b, or c of this schedule, the amount of such payment shall be deducted from any compensation allowed under subdivision (d)," etc.

Plaintiff urges that the award should have been made under the provisions of subdivision (c), subsec. 1, sec. 8, which provides for compensation for injury producing partial disability, under which the rate of compensation is fixed at 65 per centum of the difference between the wages received by the employee at the time of the accident and the wages which he is able to earn thereafter, and the period of compensation is fixed at not more than 300 weeks; or that the award should have been based upon the provisions of paragraph 16, subd. (d), subsec. 1, sec. 8, which provides that:

"In cases not falling within any of the provisions already made where the employee is seriously permanently disfigured about the face or head or where the usefulness of a physical function is seriously permanently impaired, the Court may allow such compensation as is reasonable and as is in proportion to the compensation hereinabove specifically provided in the cases of specific disability, not to exceed sixty-five per centum of wages during one hundred weeks;"

and finally, plaintiff urges that if the award was correctly based upon the provisions of paragraphs 9 and 15, the rate of compensation fixed was inadequate, and that there should not have been any deduction for compensation previously paid. It is urged that the "eye" is not a member, but an "organ" of the body, and that neither paragraphs 15 nor 16 are

applicable when there has been an impairment or partial loss of the use of the eye, and that compensation should be based upon disability to earn wages resulting from the impairment or partial loss of the eye, or, in the present case, upon the difference between the wages earned by plaintiff and the wages that he was able to earn thereafter.

Subdivision (d), as stated, provides compensation for the loss of specific members of the body, among which the "eye" is included, and, although it may be that the "eye" is generally referred to as an "organ," rather than as a "member" of the body, we think it was clearly the intention of the Legislature to fix the amount to be awarded for the impairment or partial loss of the use of the eye on the same basis as for the impairment or partial loss of other members of the body, such as the hands, feet, etc.

Certainly, if the evidence in the present instance established that plaintiff had earned, and was able to earn, greater wages than prior to the accident, the court could not refuse to award compensation for the specific disability, impairment, or loss of the usefulness of the eye resulting from the accident.

It is true that paragraph 15, subd. (d), does not expressly declare that its provisions shall be applied where there is a partial loss of the use of the eye; neither does it expressly declare that its provisions shall be applicable when there is a partial loss of the use of the limbs, or other members of the body, for which the preceding paragraphs of the subdivision fix specific compensation where there is a total loss of such members, but we are of the opinion that paragraph 15 is equally as applicable where there

No. 11,570

Orleans

———

is a partial loss of the use of the functions of the eye, or impairment of vision, as it must be conceded that it would be applicable where there is a partial loss of the limbs, or other members of the body specifically mentioned, and while it may be that other provisions of the statute might have been applied to the situation presented, if paragraph 15 had been omitted, and possibly that the provisions of paragraph 16 may have been applied, but, considering the provisions of subdivision (d) as a whole, it is apparent that the provisions of paragraph 16 are not applicable when there is a partial loss of the use of the function of any member specifically mentioned in the preceding paragraphs.

While the court in fixing the rate of compensation was not confined to the estimate of the extent of the impairment of vision, or loss of the use of function of the eye made by the experts, such evidence was the only evidence offered from which the extent of the loss could be ascertained, and, the rate having been fixed at the highest estimate made by the experts, plaintiff has not any cause to complain.

There is not any ambiguity in the provisions of paragraph 18, which specifically provides that, where compensation has been paid under subdivisions (a), (b), or (c) of subsection 1, section 8, the amount of such payments shall be deducted from any compensation allowed under subdivision (d), and, the evidence showing that plaintiff was paid compensation during the period he was unable to work, as the result of the accident, the amount paid was properly deducted.

The judgment appealed from is affirmed.