A rehearing has been applied for by both parties. Defendant, Maryland Casualty Company, complains that we erred in computing the weekly compensation to which plaintiff is entitled to be the sum of $12.19 per week and argues that we should have fixed it at the sum of $6.50 per week by using the maximum of $20 as a basis for the computation rather than the weekly wages of $50, which the plaintiff was earning at the time of the accident. In support of this proposition, defendant cites, in addition to Fulmer v. McDade Gin Co., La. App., 142 So. 733 (which was cited and disapproved in our original opinion), the cases of Thibeau v. Dutton Mercer, 17 La. App. 338, 136 So. 186 (decided by the Second Circuit); Brown v. Kansas City Bridge Co., La. App., 191 So. 755 (First Circuit); and Smith v. Simplex Oil Co., 12 La. App. 338, 124 So. 584 (Second Circuit).
The Brown case is not in point for the reason that the question there presented involved an interpretation of that part of subsection 2 of Section 8 of the Employers' Liability Act, as amended, which provides for the payment of compensation to certain persons actually partially dependent upon the earnings of a deceased employee for support and had no reference to the provisions of subparagraph 15 of paragraph (d) of subsection I of Section 8 of the Act, as amended by Act No. 242 of 1928, which is applicable to this case.
Smith v. Simplex Oil Co. is likewise not apposite for the reason that a reading of that opinion will readily reveal that, while the compensation was computed by use of the $20 maximum as the base rate, plaintiff did not question the method of fixing his compensation but was contending that his disability was governed by another section of the Act. If that decision should be considered as authority for defendant's contention here, we can only say that we are not in accord with the conclusion there reached.
It must be conceded that the case of Thibeau v. Dutton 
Mercer is authority for defendant's position. It suffices to say that we disagree with the views therein expressed for the reasons given in our original opinion.
We find nothing new in plaintiff's application.
Both applications are refused. *Page 407